Guardian Protection Services May it please the Court, this Court has noted on multiple occasions that a patent litigation is an expensive proposition. When forced with this fact, accused infringers often do not spend the resources necessary to defend against a patent infringement litigation and instead simply pay to just go away. But justice dictates that those who are forced to bear their own fees should be compensated. Section 285 of the Patent Act... Let me just interrupt you because this is all background, so let's get into this case. It seems to me that your main argument is the justification for 285 fees is the lack of a pre-suit investigation, right? Yes, Your Honor. Well, what I'm hung up on is that the District Court made a finding, or at least said, that you didn't present any evidence that the patent owner knew or should have known about 12 or 42 or however many prior references that you think clearly established the invalidity. Is he wrong? Well, Your Honor, Section 285, as the Supreme Court has stated, just requires that we show that a case stands out from others, and we can do that... Well, why don't you answer my question, though? It seems to me you're relying heavily on the fact that there was no pre-suit investigation. There were these pieces of prior art out there, and they were very probative, and given those, he should have known. But are you saying it's not up to you to establish that patent owner knew or should have known about those to make the argument that that influenced conclusions with regard to the adequacy of the pre-suit investigation? No, Your Honor. I think it is our burden, but we did present that evidence with respect to Section 101 and also with respect to Section 102. We believe the case is exceptional with respect to Section 101 alone. The Section 102 references are just added in additional to show that the substantive strength of this case was very weak. And so we did brief the 101 issue, and we argued that the claim was not patent eligible underneath Alice. And in addition... I still haven't heard an answer to my question, but leaving that aside for a moment, 101 is something different, right? Because in that regard, you're not talking about prior art references. You're just saying on its face, he should have known that this claim had no subject matter eligibility under 101. Yes, Your Honor. It's our position that no reasonable litigant would have believed that they would have succeeded looking at the merits of this case. If you look at the claim in light of 101, and then additionally in light of 102, that nobody would have believed that they would have succeeded in this case. Okay, so let's move back to 102, which was my earlier question. What about the prior art... 102 would rest on the fact that there were a slew of prior art references out there that established anticipation. That's what you're alleging. How do we know that the patent owner knew those? Or you're saying that any reasonable person conducting an investigation would have come across these pieces of prior art and therefore known about them? I just wanted to answer my question. We believe any reasonable person that would have done just an adequate pre-suit investigation would have not only found the references, potentially the references that we cited, the 14, what we believe are 102 references, but several other references that were out there that would have invalidated this patent claim, this one claim under 102. But in addition, they did know about one of those references. We do know for sure there's a reference that was cited in OnStar's answer to its counterclaim on May 29th. And in that counterclaim, OnStar addressed that reference on a limitation-by-limitation basis, looking at claim one of the 090 patent. And the district court did not discuss in its opinion any assessment of that particular reference. We have a lot of 101 cases now, and a large number of those the patent owner loses when they raise that here. But as you know, there's some cases on one side of the issue and on the others. Can you tell us a little more about 101? I mean, you're saying that it was just on its face. The judge didn't have to do anything. We didn't have to show that the patent owner knew anything. But we have them in every case, in every 101 case. But the patent owner will use the cases that have come out in terms of 101 eligibility, and the other side will use the other cases. So it's, why is this something that you look at the claim and it's a slam dunk? There's no way, no how, that this would have passed mustard and there was nothing more for the district court to do other than just read the claim. If I could focus, Your Honor, on the two arguments that the district court stated were plausible in his opinion. If you look at the district court's page 19, it identified two arguments. The first was that the claim recites a computer system, and then second, that the claim recites a solution to a problem specifically arising in computer-based communication networks. And neither one of these arguments have any merit. The Supreme Court's made clear in Alice that recitation of a computer is not enough. This is a controversial and content extraction. Then with respect to the second argument that was made by Rothschild, that they had some kind of a solution to a problem that specifically arose in computer-based communication networks. There is nothing in the limitations of the claim that solved any particular problem that was known. There's no identification of a problem in the communication module and a remote server. The remote server has three functions. It transmits, receives, and stores data. That's it. The communication module only has one function. It receives data. And this court has made clear that that type of conventional computer activity and function is not enough to confer patent eligibility to a claim. Can I ask you, there's a case, the Newegg case is one in which the court didn't award 285 fees, right, where there was arguably vexatious litigation. There's been several Newegg cases, and I don't remember which one this was. But in that case, didn't we rely on the fact that they had, at least in one case, the Amazon case, pursued the case, at least to trial or pursue the case. You familiar what I'm talking about? In this case, I know we've got an, I don't know if you've seen that. Has any assertion of this claim or this patent against a defendant been pursued past the motion to dismiss stage or past the... The only case that I'm aware of are a few cases that made it to the Markman briefing stage, and I don't think there has been ever been a decision on Markman in any of the cases that I'm aware of. So none of these cases have made it very far. In the Newegg case that you're speaking of, Your Honor, there was a trial. It went all the way to trial, and the case lasted for quite some time, and Newegg lost on summary judgment. Here, there was not a summary judgment, but we presented arguments we believe would have won on 101, and with respect to 102, had we filed a summary judgment motion, we think we also would have been successful. But I don't think that necessarily means that we have to, or that you would look back and state that because you won a summary judgment motion that you would then be entitled to fees. I believe this Court has to assess the substantive strength of the party's positions regardless of the stage of the case and regardless of what the ultimate outcome of the case is. And in Newegg, there were several nuisance value settlement offers like there are in this case, but in oral argument in the Newegg case, it came out that several of those were much higher than it had appeared, I guess, in the briefing. Here, there are no high nuisance value settlements. Every nuisance value settlement is minimal, less than one percent of the cost of what it would be to actually have to defend a case like this. And when ADS was faced with having to look at a percentage that Rothschild was asserting of gross revenues in terms of a license and looking at the significant number, it was shocked to receive a nuisance value settlement offer in the amount that it did. But it rejected that and continued to defend itself because it did not believe that it should be the subject of extortion. And I think, Your Honor, if you look at the nuisance value settlements in this case, particularly the 13 agreements that are summarized in the appendix, I believe at page 130 in the appendix is a summary of those 13 nuisance value settlements. If you look at those, you'll see that there are very minimal amounts, but also there are 25 zeros that this court has to consider. And let me ask you about, I mean, this case involves kind of an interesting question about the intersection of Rule 11 and Rule 285, or the absence of an intersection between the two. And we know the Supreme Court has referred to one of the components, one of the elements on attorney's thesis being vexatious litigation. If Rule 11 we view as a deterrent or punishment to somebody and 285 is purely compensating a defendant as a prevailing party, why doesn't vexatious litigation belong in the Rule 11 bucket rather than the 285 bucket? Do you understand my question? Yes, Your Honor. I think that it in fact does. I think that it would be proper to bring a Rule 11 motion for vexatious litigation. So why does it belong under 285? Why is it an important component in 285? Because that's your thing here, right? On 285 is the repeated litigation. If I could just finish early where I was standing, I would think it would be able to be brought underneath Rule 11 if it was a vexatious litigation that was continued after an offending pleading was not withdrawn and there was a Rule 11 motion that was served. And with respect to 285, there's not any authority anywhere that indicates that Rule 11 sanctions and 285 are mutually exclusive. I think that a party would be able to... But Octane says they're not necessarily overlapping either. It does, Your Honor. It says that, in fact, activity doesn't necessarily have to be sanctionable in order to... You cited us to 130 in the appendix for a list? Yes, Your Honor. It should be a summary in the appendix at 130. I'm looking and I don't see it. I will check that and address that. Please, thank you. Mr. Johnson, good morning. Your Honor, we're here for one purpose and one purpose only, and that's to determine whether the district court judged abuse of discretion in denying ADS's motion for attorney's fees. You stated in an affidavit that you had not conducted an analysis of any of the prior art asserted in ADS's cross motion for attorney's fees to form a belief as to whether that prior art would invalidate the patent in suit. Your client's founder echoed that in another affidavit. In the same affidavits, each of you asserted that you possessed a good faith belief that the patent in suit is valid. How can you reasonably have believed that claim one is valid if you didn't analyze the purportedly invalidating prior art provided by ADS? Your Honor, the district court raised this exact issue and our response there is the same as my response now. What we were saying in that affidavit was that we did not analyze the references to reach a conclusion that the references invalidated the patent in suit. We didn't say that we didn't analyze the references or didn't look at them or ignored the references. We didn't reach a conclusion that those references rendered the patent in suit valid. So you did, the chief judge asked some questions, one or two questions, you did review those other prior art patents? We looked at any reference that came to us at any point that came to us. Now, did we go get a validity opinion based on those references? I wouldn't carry it so far as to say that, but we looked at the references and didn't reach any conclusion that any of those and the only reference that was at issue at the time of filing was the one reference that was discussed earlier which was the one that was raised in a related suit and not these 14 references or the other 13 of the 14 references that were raised after the complaint was filed. One of the problems I have with both your affidavit and your client is that you've included no evidence to corroborate any of your assertions, meaning that the statements in your affidavit lack foundation. You're telling me you did these things. I don't see it in your affidavit. Does the record contain any evidence demonstrating that you did what you say you did? I don't think the record contains any evidence other than the I meant competent evidence that is cognizable by a court as a matter of law. I think possibly what you're speaking to is something along the lines of like an opinion. No, I'm speaking to things like lack of foundation. Where is in your affidavit is your statement that on this date I reviewed this document? That is not in the record, Your Honor. Isn't that necessary to establish a foundation for your statement? In hindsight, yes, I'm sure it would strengthen the value of that. It's not a question of strengthening, it's a question of federal rules of evidence and evidentiary foundations. We simply don't have that in there. Maybe I'm misunderstanding. So you're saying you knew about the prior art references pre-suit? We knew about one pre-suit. Is that one of the 14 we were talking about? I believe it is. So how come the district court at Appendix 20 says instead defendant's contention seems to be that a reasonable pre-suit investigation should have been brought these references to plaintiff's attention, but defendant presents no evidence that plaintiff knew or should have known with the exception of that? Let me ask you, if the district court judge begins his analysis by talking about the safe harbor rule and concludes that the suggestion that 285 shouldn't be applied in a manner that contravenes the aims of Rule 11, you're familiar with what I'm talking about. If we conclude that that's just not right, and that's just not correct as a matter of law, that even though Rule 11 says we're trying to deter it, that somehow application of 285 under these circumstances would be in tension with Rule 11, is there a reason why we wouldn't have to vacate this opinion, or is your argument that there's enough else with respect to the district court's findings? I think there is enough else with respect to the district court's findings, Your Honor, and the district court so much as acknowledged expressly that Rule 11 didn't supplant 285. The district court's point on Rule 11 and our client's withdrawal of his motion in response to the service of the Rule 11 motion was mainly his take that our client was acting reasonably during litigation. I think he was looking at that as a litigation conduct issue, looking at our client's conduct as being reasonable in the context of 285, and as Your Honor's were saying I think earlier, it's not that 285 and Rule 11 can't coexist, but that they can't overlap either. I think that the district court judge did that exactly, said here's 285, here's Rule 11, here's what the plaintiff did with respect to Rule 11, and here's how it should impact my analysis under Section 285. If we are to review under 285 conduct outside of this particular proceeding, suits involving other entities, etc., why isn't the evidence in this with respect to your client's conduct in bringing other suits and the settlements engaged in those and all the stuff that's part of this record, why isn't that overwhelming evidence of vexatious litigation? It's just as the district court looked at it and considered at the hearing and in writing his opinion, that absolutely can be a factor. The district court judge didn't say ignore the evidence of what goes on in other related lawsuits. The district court judge said in his opinion, in this case, that it was not persuasive that there was any unreasonable conduct or that it was a factor that should weigh in favor of awarding fees under Section 285. Page 7 of your report said that this behavior appeared overly aggressive and reckless because it was going to seek attorney's fees against you. What's the legal definition of overly aggressive and reckless and what's your authority for that definition? I don't have a legal definition for that, your honor. Does it mean standing up to a lawsuit? No, I was merely using those words to describe why we dismissed the lawsuit in response to the Rule 11 service in combination with the other things that had gone on in this case. You thought they were going to fight back? No, what I saw was, and it's ironic that ADS uses extortion in its arguments about the other lawsuits and seeking nuisance value settlements or cost of defense settlements. We didn't find, and still don't believe, and I don't think the district court judge believed, that there was anything exceptional or unusual about the way those cases have been handled. But I found it ironic that ADS, when it said we're going to file Rule 11 motion and then said, tied that specifically to a demand that we pay its attorney's fees at that point in the litigation, where it said we will file this Rule 11 motion but we won't and we'll quietly go away if you pay our, at that time I think it was something 40-45,000 dollars worth of attorney's fees. Well, since Rule 11 seeks attorney's fees, why is that incongruence? I just found that the pairing of we'll go away and we won't file the Rule 11 motion if you pay our attorney's fees. Isn't that what a reasonable attorney would do in order to limit any further damages? That is, say, look, up to this point we've incurred this amount of fees. If we have to move forward and file Rule 11, there'll be a lot more fees, but we're willing to walk away if you pay us what we've incurred to date. How is that unreasonable? Now you can tell me that the amount of fees has been pumped up, if you have evidence to that effect, and that might be there's nothing in the record that I can point to that's going to say the amount of fees is unreasonable. I don't have anything in the record that shows that. In your brief, you cite understatement of related cases, you cite a number of cases that in the last two are in E.D. Texas. What's the status of those cases? Are they still ongoing? I believe from this, I think it was 42 cases that were mentioned in the argument, I believe that all of those have been dispensed with. So those were included in the cases that had settled or whatever? Exactly. And there are them pending, so those are all gone now? I think at the time of the brief, I would hope at the time of the brief, all of that that I said was accurate, but I think that everything since then has been dispensed with. So unless the Court has any further questions, I'd just like to conclude that, again, we're on the use of discretion standard, which is limited to determining whether the District Court judge erred in the law, which I don't think there's been any argument at any point really from A.D.S. that the judge erred in the law, or made a clear error of judgment in assessing the totality of the facts based on the law. And I think the District Court judge did a proper job, and I think I've gone through and explained and hopefully answered questions as relates to that issue. Unless there are any questions, I'll concede the remainder of my time. Thank you. I believe that one of the IPRs is still pending, and I believe that there is still a case versus Coca-Cola in the Northern District of Georgia, and then there have been some additional... Is the IPR over the claims that were in dispute? It involves all of the claims from my understanding. I could just address the Rule 11-285 issue that we've been speaking about today. Compliance with Rule 11 certainly, I believe, should be taken into account when determining whether or not Section 285 fees should be awarded, but the District Court has to look at the reasons for that compliance. And in this case, when you look at the reasons for compliance with Rule 11, I think that you'll find that this is a case that stands out from others because of the weakness of the argument made by Rothschild. With respect to the email, I would just like to point out that that was an email that was by no means a model of clarity, but it sent a message, as Judge Wallach has pointed out, that ADS was not going to be the subject of the extortion. And it was an email that was sent to a very sophisticated counsel who, to that time period, filed 114 patent infringement litigations. To date, 321. And it was a typical posturing and bluster that you see in litigation. And we did serve a Rule 11 motion, as is required, and we provided Rothschild with 21 days, as the safe harbor says in Rule 11, so that they could withdraw their complaint. The difficulty with this issue is their attention of policy purposes one is trying to achieve, so we see all kinds of attorney's fees appeals. In some cases, when the patent owner pursues this for years and uses everything, there's more of a compelling argument for 285 fees. But the problem is it looks like the case may have had some merit because it went along for as long as it did. In your case, there's some sympathy, or shouldn't there be some sympathy for the District Court judge, that the parties having pulled back very, very early on, which is something that the system would want to see happen, particularly with claims that are at least weak, that then we have a counter-purpose. If we award attorney's fees, doesn't that incentivize the other side to keep pursuing the claims just because they're going to get hit by attorney's fees because they pulled back so early without an evaluation of the case? Do you understand? I mean, there's just tension in the analysis here, right? I think that is the case when... Cite Rule 1 while you're answering. Well, Rule 1 does require the just, speedy, and inexpensive determination of every action, and I had to serve the Rule 11 motion, you know, within a reasonable time period from service of the complaint, and we did that, and had Rothschild withdrawn their complaint in compliance with Rule 11 and stated, we have done so because we did not see these one-on-one arguments prior to filing this case. We had done so because we did not know about this one-on-two art that you have now presented. This would be a different case. Rothschild did not do that. Rothschild instead pointed to an email that was sent two months earlier as the reason for withdrawing its complaint. They then continued to file amended complaints against multiple other defendants, and are continuing to assert this patent today, and so the reasons why Rothschild withdrew this complaint I think are very important here. Thank you. We thank both sides. The case is submitted.